# United States Court of Appeals
## For the First Circuit

14-2362

IN RE DZHOKHAR TSARNAEV,

Petitioner.

Before
Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

**JUDGMENT**
Entered: January 3, 2015

We have carefully reviewed petitioner's application for a writ of mandamus. Even assuming that the district court's order denying petitioner's second motion for change of venue would be subject to review by mandamus, see In re Kouri-Perez, 134 F.3d 361 (1st Cir. 1998) (unpublished per curiam), we deny the petition and hold only that petitioner has not made the extraordinary showing required to justify mandamus relief. See In re Bulger, 710 F.3d 42, 45 (1st Cir. 2013) (before mandamus will issue, petitioner must satisfy burden of showing right to issuance of writ is clear and indisputable, that he has no adequate source of relief, and that equities favor issuance of the writ). Petitioner's emergency motion to stay jury selection and trial in the district court is denied.

The judges in the majority regret the incorrect statement in the dissent suggesting that this matter has been under consideration for only six hours. The petition for writ of mandamus and emergency motion to stay jury selection and trial in the district court were filed on December 31. However, counsel for petitioner provided notice in advance that the filing would be forthcoming. The court thereupon immediately began a careful and painstaking review of the publicly available

filings on the district court docket. The government filed its response, and the district court issued its decision, in the midst of that ongoing review. The judges in the majority are satisfied that full consideration has been given to the issues raised by the petition, and it is clear that the petition falls far short of meeting the requirements for issuing the extraordinary writ of mandamus.

**TORRUELLA, Circuit Judge, dissenting.** I regret that I am unable to join my colleagues in issuing today's order in this case, which is of profound importance not only for Tsarnaev but also for the people of Boston and for all of us who cherish the guarantee of constitutional rights for all litigants before this Court. My colleagues begin their order by stating they have "carefully reviewed petitioner's application for a writ of mandamus." Although I cannot speak for the majority on this point, due to the complexity of the issues raised, the mountains of documents and exhibits that need to be read (which the government has described as over 9,500 pages long), and the logistical difficulties we have had in receiving this evidence, I have found it impossible to read even a small part of all of this evidence, much less give it the careful consideration a case involving the death penalty deserves.

On the afternoon of New Years Eve, the district court entered an electronic order denying Tsarnaev's second motion to change venue -- which had been filed a month earlier on December 1st[1] -- stating simply that an explanation of its decision "will be issued shortly." Within hours of that order, Tsarnaev filed a motion to stay the jury selection and trial, scheduled to begin on Monday, January 5, 2015, pending the disposition of the mandamus petition now being rejected by my colleagues. We afforded the government twenty-four hours to respond, and then extended this period by another two hours. It was not until yesterday afternoon, January 2, 2015, that the

---

[1] The government was initially given two weeks to respond but did not file its opposition until December 22, 2014.

district court finally explained its grounds for denying the second motion for change of venue. Thus, we have had all of the relevant materials -- the current mandamus petition, the government's opposition, the district court's denial, and all previous venue-related filings, which comprise exhibits totalling thousands of pages of polling data of potential jurors, of news, of media articles, and of studies published since the tragic events of April 15, 2013 -- before us for less than six hours.

Because of these difficulties, I am not in a position to intelligently opine as to whether the standard for mandamus relief has been satisfied. What I do know is that Tsarnaev's argument that the entire city of Boston and its surrounding areas were victimized -- as evidenced by the city's virtual lockdown and the images of SWAT team members roaming the streets and knocking door-to-door in Watertown -- is compelling. At first glance, Tsarnaev makes a much stronger case for change of venue here than there was in Skilling, where a change of venue was found to be unwarranted, and McVeigh, where a change of venue was granted. Cf. Skilling v. United States, 561 U.S. 358, 370, 383 (2010) (crediting that "the facts of the case were 'neither heinous nor sensational'" and there was "[n]o evidence of the smoking-gun" of his guilt); United States v. McVeigh, 918 F. Supp. 1467, 1472, 1474 (W.D. Okla. 1996) (finding that the "emotional burden of the explosion and its consequences" on those who lived in the area but were personally unaffected created "so great a prejudice against [the] defendants in the State of Oklahoma that they cannot obtain a fair and impartial trial"); cf. also United States v. Awadallah, 457 F. Supp. 2d 246, 252 (S.D.N.Y. 2006) ("If Awadallah was actually charged with participating in the September 11 attacks, it is possible to imagine that the prejudice in this case would be comparable to the community scrutiny and outrage that justified a change of venue in McVeigh.")

Yet, due to the artificial time constraints placed upon us, it is impossible to do more than take this quick glance.  Regardless of whom you want to blame, be it Tsarnaev for waiting until less than a month before trial to file his second motion for a change of venue or the district court for waiting until the 11th hour to issue its denial, such a rushed and frenetic process is the antithesis of due process.  It is unrealistic at best to presume that there is no irreparable harm in having the jury selection and trial begin since there will be another opportunity to consider this matter in the future.  Considering the time and cost commitment of composing a venire and conducting <u>voir dire</u> -- something both the government and the district court emphasize heavily -- once jury selection begins, it will not only cause irreparable harm to Tsarnaev, but it will also set an irreversible and unstoppable process in motion.  Thus, I strongly believe that a stay should have been granted to allow a full, fair, and reasoned analysis of this extremely important issue that goes to the heart of our constitutional guarantees of "an impartial jury" and "due process of law."

      I respectfully dissent.

                                               By the Court:
                                               <u>/s/ Margaret Carter, Clerk</u>

cc: Hon. George A. O'Toole, Mr. Robert M. Farrell, Clerk, United States District Court for the District of Massachusetts, Ms. Judith Mizner, Ms. Miriam Conrad, Mr.  David I. Bruck, Mr. Timothy G. Watkins, Mr. William W. Fick, Ms.Judy Clarke, Mr. William D. Weinreb, Ms. Dina Michael Chaitowitz, Mr. Aloke Shankar Chakravarty, Mr. Donald L. Cabell, Ms. Nadine Pellegrini, Mr. Steven D. Mellin, Mr. Matthew R Segal.